UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-405-GWU

RICKY BROCK,                                                          PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                     DEFENDANT.

**INTRODUCTION**

Ricky Brock brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th

Cir. 1990).  This "substantial evidence" is "such evidence as a reasonable mind

shall accept as adequate to support a conclusion;" it is based on the record as a

whole and must take into account whatever in the record fairly detracts from its

weight.  Crouch, 909 F.2d at 855.

1

07-405  Ricky Brock

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

2

07-405  Ricky Brock

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist.

3

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Brock, a 45-year-old former dump truck driver, cleaner, appliance technician, laborer/loader, production supervisor and production inspector with a high school equivalent education, suffered from impairments related to discogenic and degenerative disorder of the back, a history of hypertension and a depressive disorder.  (Tr. 15, 17).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 20).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 22).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 21-22).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the

court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in evaluating the evidence of record relating to Brock's mental condition.  The mental factors initially presented to Vocational Expert Anne Thomas included such mental restrictions as no more than occasional interaction with other persons and no more than occasional adjustment to work changes.[1]  (Tr. 374).  Thomas identified a significant number of jobs which could be performed.  (Id.).  The ALJ later added a mental limitation concerning a restriction to simple, one-two step instructions along with a sit/stand option.  (Id.).  The witness testified that the previously cited jobs would remain available.  (Tr. 375).  Review of the record reveals that additional mental restrictions were required.

Brock was found capable of performing a restricted range of light level work in an administrative decision which became final on September 26, 2003.[2]  (Tr. 40-47).  As noted by the defendant, principles of res judicata require that the administration be bound by this decision unless a change of circumstances is

---

[1]The physical factors initially presented to Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, stoop, bend, crouch or crawl; (3) a need to avoid exposure to unprotected heights or be around hazardous machinery; and (4) an inability to drive any vehicles.  (Tr. 373-374).

[2]This action was appealed to federal district court and affirmed by the undersigned on October 5, 2005.  Brock v. Barnhart, London Civil Action No. 04-189-GWU.

proved upon a subsequent application.   Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997).  Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  In the present action, the ALJ specifically found no medical improvement or other change had occurred with regard to the plaintiff's residual functional capacity with the exception of a decision to add a sit/stand option and limit him to simple, one-two step instructions.  (Tr. 20).

While the ALJ found no material change in Brock's condition and adopted the prior ALJ's residual functional capacity with a couple of additional mental and physical limitations, review of the prior decision reveals that significant discrepancies exist between the prior ALJ's mental restrictions and those presented to the vocational expert by the current ALJ.  Among the mental limitations found by the earlier ALJ were a "moderately" limited ability to relate to co-workers, deal with the public, maintain attention and concentration, handle detailed instructions, respond appropriately to changes in the work setting, accept instructions and criticism appropriately, and complete a normal work day and work week at consistent pace.  (Tr. 47).  Even if one finds the current ALJ's somewhat differently worded mental restrictions to be essentially consistent with several of these restrictions, others were clearly not covered, such as those relating to accepting

instructions or criticism and completing a normal work day and work week at a consistent pace.   Therefore, the ALJ did not comply with the <u>Drummond</u> requirements.

The court notes that the ALJ's findings with regard to Brock's mental status are also not compatible with the opinions of the mental health sources of record dated from the time period pertinent to this appeal.  Psychologist Kenneth Starkey, an examining consultant, opined that the plaintiff would have great difficulty dealing with work pressures and would require six to nine months of successful mental health therapy before he <u>might</u> be rendered capable of vocational placement or work activity.  (Tr. 219).  Psychologist Stephen Scher reviewed the record and reported "moderate" restrictions concerning performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances as well as completing a normal work week and work day without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods which were also not covered by the ALJ's hypothetical question.   Therefore, the mental factors of the hypothetical question did not fairly depict the plaintiff's condition.

As previously noted, in addition to adopting the prior ALJ's residual functional capacity, the current ALJ also found additional limitations concerning a sit/stand option and a restriction to simple one-two step instructions.  William Ellis, the vocational expert whose testimony was relied upon in the prior administrative

07-405  Ricky Brock

decision, did not consider these limitations.  (Tr. 46).  Therefore, his testimony does not provide an alternative ground to support the administrative decision and a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of October, 2008.

**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**